UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLUMBIA TECH CENTER, LLC dba THE RESERVE AT COLUMBIA TECH CENTER APARTMENTS,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN JENNINGS and STEPHANIE JENNINGS; and KING EASLIN EXPRESS TRUST,<br><br>Defendants. | Case No. C23-5428RSM<br><br>ORDER OF REMAND |

This matter comes before the Court on Plaintiff Columbia Tech Center LLC's May 25, 2023, Motion to Remand, Dkt. #5. Defendants Marvin and Stephanie Jennings have not filed a timely response.

This action was opened with an unsigned IFP application and an unsigned "Complaint." Dkt. #1 and Dkt. #1-1. After the filing fee was paid, "Defendants" Marvin and Stephanie Jennings's "Complaint" was docketed as a Notice of Removal. Dkt. #4. The Jenningses list themselves as "Defendants" and Columbia Tech Center LLC as the "Plaintiff," Dkt. #4, and attach an underlying Clark County Superior Court unlawful detainer action. Dkt. #4-1.

The Complaint says the Court has federal question jurisdiction, citing 15 USC 1693L "waiver of rights is a violation of my consumer rights" and 15 USC 1692 "violation of the fair

ORDER OF REMAND - 1

debt collection practice act." Dkt. #4 at 3. Diversity jurisdiction is not argued or available as the parties are all Washington residents and the amount in controversy is listed as $16,461.26. *Id*. at 5. There are almost no facts or clearly identified causes of action in the "Complaint."

It is not clear whether the Jenningses intended to file a new lawsuit or to remove their unlawful detainer action to federal court. Although they filed a form complaint document, they list themselves as the Defendants and attach the underlying state court unlawful detainer action. Their failure to respond to the instant motion leaves the Court further in the dark. The Court will proceed with what appears to be the understanding of Plaintiff Columbia Tech Center LLC and the clerk's office—that the Jenningses are attempting to remove the underlying state action to federal court.

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of*

ORDER OF REMAND - 2

*Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).  Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Each party opposing a motion shall, within the time prescribed in LCR 7(d), file and serve a brief in opposition to the motion.  LCR 7(b)(2).  "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id*.

Defendants have not established federal question jurisdiction in this case.  Plaintiff Columbia Tech Center LLC filed an unlawful detainer action based solely on state law.  That action does not present a federal question.  To the extent that Defendants assert federal defenses or counterclaims, such do not confer federal question jurisdiction. *See Rivet*, 522 U.S. at 475.  The "Complaint" fails to set forth an adequate basis for federal jurisdiction because the citations to federal law do not connect to a set of facts.  The Court further finds that Defendants' failure to respond to the instant Motion constitutes an admission that the Motion has merit.  Accordingly, this case will be remanded back to state court.

Plaintiff argues it is entitled to fees and costs under Rule 11 because "[t]he notice of remand filed by Defendants is clearly not grounded in fact and is not warranted by existing law" and because Defendants "in no way incorporate[] a federal question." Dkt. #6 at 3.  Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part: "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the

ORDER OF REMAND - 3

cost of litigation; 2) the… legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed. R. Civ. P. 11(b).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Plaintiff has failed to demonstrate in two sentences of analysis that the extraordinary remedy of Rule 11 sanctions is available here.  Defendants' "Complaint" does cite to federal law.  *Pro se* Defendants appear to be simply mistaken as to the legal standards for removal, or confused about whether they intend to remove or file a new federal action.  There is no argument that this case was removed in order to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Accordingly, the request for sanctions under Rule 11 is denied.

Having reviewed the relevant pleading, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Motion to Remand is GRANTED.  This case is REMANDED to Clark County Superior Court.  The request for sanctions under Rule 11 is DENIED.

(2) This case is CLOSED.


DATED this 15th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF REMAND - 4